ESCAMBIA COUNTY, et al., v. STATE, ex rel. CITY OF PENSACOLA.

156 So. 134.
Opinion Filed June 12, 1934.
Petition for Rehearing Denied July 31, 1934.

386

*Forsyth Caro,* for Plaintiff in Error;

*Ernest E. Mason* and *Watson & Pasco & Brown,* for Defendant in Error;

*W. F. Way* and *John C. Blocker,* as *amici curiae.*

TERRELL, J.—This is a proceeding in mandamus brought by the City of Pensacola against Escambia County. The alternative writ commands the County to account for and remit to the City one-half of all tax collections for 1933, arising from a special tax on property located within the corporate limits of the City, by virtue of Section 1604, Revised General Statutes of 1920, Section 2435, Compiled General Laws of 1927, and to forthwith draw its warrant in favor of the City for the sum of $4,451.19 to apply on account of whatever sum is found to be due it.

The return to the alternative writ admits the collection of the taxes under the Act as stated, and that the County has in its treasury $4,451.19 from said collections, but denies that said sum or any sum whatever is due by the County to the City on account of them. In support of its denial of liability on said claim, the return of respondent avers that in December, 1917, there was created under Chapter 6208, Acts of 1911, a special road and bridge district in Escambia

County known as Special Road and Bridge District Number One described as follows:

"The territory within the present City limits of the City of Pensacola, Florida, and the territory within Precinct 24 of Escambia County, Florida, which Precinct is described as follows:

"That portion of the country bounded by a line commencing at the intersection of the North Shore of Bayou Grande, by the West line of Township 2 South, Range 30 West, and running North along said township line to Jackson Bridge Creek; thence Easterly along said Creek and the South Shore of Bayou Chico, to Pensacola Bay, and thence South Westerly along Bay Shore, and the North Shore of Bayou Grande to point of beginning."

That after the creation of said special Road and Bridge District, it issued its bonds in the amount of $50,000 which were validated and confirmed by decree of the Circuit Court, are the general obligations of said special Road and Bridge District, a large portion of which are now outstanding and unpaid. It is also averred that the entire City of Pensacola is a part of said special Road and Bridge District by operation of Chapter 6208, Acts of 1911, and that by reason of having so incorporated itself, it is not now entitled to any sums of money whatever from Escambia County from the tax collected therein for road and bridge purposes under Section 1604, Revised General Statutes of 1920.

The return to the alternative writ went down on demurrer, peremptory writ was awarded, a new trial was denied and writ of error was prosecuted to all three orders.

The sole question brought here to be resolved is whether or not the City of Pensacola can be deprived of one-half of the road tax collected under Section 1604, Revised Gen-

eral Statutes of 1920, by reason of the fact that it was in 1917 incorporated in a special Road and Bridge District under Chapter 6208, Acts of 1911.

The County contends that all moneys collected within the City as Special Road and Bridge District Number One, under Section 1604, Revised General Statutes of 1920, should be appropriated to said district and that the City is entitled to nothing, while the City contends that it is entitled to one-half of all funds so collected, the fact that it has been incorporated into a special road and bridge district in no wise affects its right to said funds.

A solution of this question involves an interpretation of Section 1604, Revised General Statutes of 1920, Section 2453, Compiled General Laws of 1927, and Section 1662, Revised General Statutes of 1920, Section 2694, Compiled General Laws of 1927, which are as follows:

"Section 1604. The Board of County Commissioners are hereby authorized and required to levy a tax of not to exceed five mills on a dollar on all property in said county each year for road and bridge purposes, and the same, when collected shall be paid over to the county depository and kept in a separate fund, which fund shall not be expended for any other purpose than for work on the public roads and bridges in the several counties, and for the payment of the salaries of employees engaged in road and bridge work, and in providing the necessary tools, materials, implements and teams, and for the necessary work on said roads and bridges; Provided, however, that one-half of the amount so realized from said special tax on the property in incorporated cities and towns shall be turned over to said cities and towns, to be used in repairing and maintaining the roads and streets thereof, as may be provided by the ordinances of such cities and towns. (Ch. 4338, Acts of 1895; Ch.

4769, Acts 1899; Ch. 5237, Acts 1903, 1; Ch. 5677, Acts 1895, 1; Ch. 6537, Acts 1913, 9.)"

"Section 1662. Any special road and bridge district created under authority of this Chapter, shall be entitled to receive for the repair and maintenance of the roads and bridges in said district, its due proportion of the county tax levied and collected upon the taxable property of the county for general road purposes; and the special tax provided for in Section 2693, shall be levied and collected on the taxable property in said special district, only for such repair and maintenance of the roads and bridges in said special district, that cannot be paid for from its proportion of the general county road tax."

Section 1604, Revised General Statutes of 1920, was originally Section Nine of Chapter 6537, Acts of 1913, and was an Act to provide for the construction of a system of roads and bridges in the different counties of this State and to authorize the collection of a tax for that purpose. That provision awarding to municipalities one-half the road and bridge tax collected within their limits, is but the restatement of a settled legislative policy existent in this State for many years. See Section 17, Chapter 4010, Acts of 1891, Section 20, Chapter 4338, Acts of 1895, Chapter 5237, Acts of 1903, and Chapter 5677, Acts of 1907.

Section 1662, Revised General Statutes of 1920, was originally Section 16 of Chapter 6208, Acts of 1911, which was a general law authorizing counties to create special road and bridge districts therein, and to issue bonds and to levy and collect taxes for the purpose of constructing roads and bridges within said special tax road and bridge districts.

Casual inspection discloses that the purpose of Chapter 6208, Acts of 1911, and Chapter 6537, Acts of 1913, is en-

tirely different, though the subject matter of both Acts is related. The former Act relates to the creation of special road and bridge districts within and by the county, and the latter relates to the construction of roads and bridges throughout and by the county, and makes provision therefor.

We think there is a consistent field of operation for both Acts.

The requirement of Section 1604, Revised Geeneral Statutes of 1920, that one-half the amount realized from said special tax on the property in incorporated cities and towns be returned to them to be used in repairing and maintaining the roads and streets therein as may be provided by ordinance, is required to be paid to said cities and towns as municipalities, to be used as such and is in no way affected by the fact that the City of Pensacola has been incorporated into a special road and bridge district under Chapter 6208, Acts of 1911.

As to the tax distribution under Section 1642, Revised General Statutes of 1920, it is contended by the County that the district should receive all the taxes collected on the property within it as "its due proportion of the County tax levied and collected upon the taxable property of the County for general road purposes."

We think this contention is without support in the statute. The tax referred to in Section 1662, Revised General Statutes of 1920, from which the district's "due proportion" is derived is the general county tax imposed and collected for road and bridge purposes throughout the county under Section 1604, Revised General Statutes of 1920. The "due proportion" of this tax allocated to any special road and bridge district created under Chapter 6208, Acts of 1911, has reference to that proportion of said tax as in the dis-

cretion of the county commissioners should be apportioned or used in the district for road requirements within the intent of the statutes. This basis of apportionment for road requirements being limited to repair and maintenance, may be in the ratio of road mileage in the district to that in the County, or it may be in like ratio to assessments, valuations, population, area or on any other fair and equitable basis of distribution the county commissioners may adopt to effectuate the intent of the statute. The "due proportion" of the special road and bridge district tax is paid to it as such and it is immaterial that the district is located wholly or partially within the limit of a municipality.

We therefore conclude that as such the City of Pensacola is entitled to have paid to it one-half the tax collected on lands within the City for special road and bridge purposes under Section 1604, Revised General Statutes of 1920, and that Special Road and Bridge District Number One, of Escambia County, embracing the City of Pensacola, is entitled to have paid to it, its "due proportion" of the tax collected under Section 1662, Revised General Statutes of 1920, for the like purpose after Section 1604 R. G. S. has been complied with.

The judgment below is accordingly affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—Petition for rehearing was filed in this cause which was permitted to be briefed. We have examined the petition and the briefs carefully. It is urged that the words "due proportion" as employed in the statute (Section 1662, Revised General Statutes of 1920 should be read

in connection with the words "of the tax levied and collected upon the taxable property of the county for general road purposes." It is also contended that the distribution should be of the whole fund and not that portion remaining after Section 1604, Revised General Statutes of 1920, has been complied with as stated in the main opinion.

We have given due consideration to both contentions and see no reason to depart from the doctrine as announced in our main opinion. It is therefore affirmed and the rehearing denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.